IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

D'MARCO WILBOURN, )
#B-88922, )
 )
    Plaintiff, )
 )
vs. ) Case No. 17-cv-882-DRH
 )
CENTRALIA CORRECTIONAL )
CENTER, )
WARDEN, )
ILLINOIS DEPARTMENT OF )
CORRECTIONS, and )
MARCUS RIDDICK, )
 )
    Defendants. )

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff D'Marco Wilbourn, an inmate in East Moline Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at Centralia Correctional Center. In his Complaint, Plaintiff claims that he was sexually assaulted by Defendant Riddick and did not receive the rape kit lab results from the assault for almost two years. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds that the Complaint is subject to dismissal.

### **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: on March 16, 2015 while Plaintiff was incarcerated at Centralia Correctional Center, Defendant Marcus Riddick raped Plaintiff. (Doc. 1, p. 4). Riddick was Plaintiff's cellmate at the time. *Id.* Plaintiff did not file a grievance on this

2

issue,[1] but he did report the incident to internal affairs at Centralia. (Doc. 1, pp. 3, 5). Riddick was placed in segregation under investigative status. (Doc. 1, p. 5). Plaintiff was also placed under investigative status in the Centralia Health Care Unit. *Id.* This confinement lasted for a month and a half, and was to last until the lab results from the rape kit came back with the DNA of Plaintiff's assailant. *Id.* After Plaintiff had spent a month and a half in confinement, he was transferred to Graham Correctional Center. *Id.* He was then paroled on November 5, 2015 without having received the lab results from the rape kit. *Id.* Plaintiff was waiting to sue until he got positive results from the rape kit showing that Riddick was the assailant. *Id.*

Plaintiff is now incarcerated at East Moline Correctional Center. *Id.* On June 12, 2017, he received the results of the rape kit that confirmed the DNA that was tested was that of Riddick. *Id.* Plaintiff seeks justice "for everything Inmate Marcus Riddick put [him] through physically and mentally." *Id.* Plaintiff seeks monetary damages. (Doc. 1, p. 6).

## **Discussion**

The Court begins its § 1915A review with a note about the parties at issue in this case. First, Plaintiff has named the Illinois Department of Corrections ("IDOC") as a defendant. His claims against it are barred, however, because IDOC, as a state agency, is not a "person" that may be sued under § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Mich.*

---

[1] The Court suspects that Plaintiff may have failed to exhaust his administrative remedies prior to filing this suit, based on his claim that he did not file any grievances on the issue. However, because the Court is dismissing Plaintiff's Complaint on other grounds, it will not delve into the exhaustion issue.

*Dep't of State Police*, 491 U.S. 58, 70–71 (1989)); *see also* 42 U.S .C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."). For the same reason, Plaintiff cannot maintain a suit for damages against Centralia Correctional Center, as it is a division of IDOC.

Plaintiff has also included Marcus Riddick, the inmate who allegedly raped him, as a defendant in this lawsuit. A plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). Riddick was a prisoner during the relevant time period, not a state actor.

For the above reasons, Riddick will be dismissed with prejudice from this lawsuit, along with the Illinois Department of Corrections and Centralia Correctional Center.

Finally, Plaintiff names the Warden of Centralia as a defendant in this case, but he has failed to include specific allegations against him or her in the body of his Complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). And in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). The Warden of Centralia will therefore be dismissed without prejudice.

Plaintiff has failed to allege that *any* appropriate § 1983 defendant is personally responsible for the deprivation of a constitutional right. He has also not expressly stated what constitutional right he believes was violated in general. He understandably focuses much of his attention on the alleged sexual assault, but because Riddick, his alleged assailant, is not a state actor, any claim he might be trying to assert against him is legally frivolous in this context.

Plaintiff may also be attempting to bring a claim based on the nearly two-year delay in receiving the results of his rape kit. Plaintiff has not associated any defendants with this claim, however, nor does he explain how the delay constitutes a constitutional deprivation. He does not claim that his health was negatively impacted by the delay. Further, if he sought to bring a claim against prison officials for failing to adequately investigate the assault, this claim would

5

necessarily fail. The failure to properly handle a grievance or investigation is not the type of conduct that independently violates the United States Constitution. *See, e.g., George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (prisoner had no claim for "failure to investigate" a claim because there was no "protected liberty interest" in having the grievance "resolved to his satisfaction").

For the above reasons, Plaintiff has failed to state a claim upon which relief may be granted. The Complaint will therefore be dismissed.

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, there is no indication whether Plaintiff has attempted to obtain counsel on his own, or has been effectively

precluded from doing so. Because Plaintiff has not made this showing, the Court finds that Plaintiff has not made a reasonable attempt to find counsel. Therefore, Plaintiff's motion for the appointment of counsel is properly denied without prejudice.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot. If Plaintiff's case ultimately survives threshold review, waivers of service of summons will be issued and served on any relevant defendant. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process. The Clerk will issue summons and the Court will direct service for any surviving complaint.

Plaintiff's "Motion of Freedom of Information Act" (Doc. 8) is **DENIED**. The judicial branch is exempt from the Freedom of Information Act. *See* 5 U.S.C. §§ 551(1)(B), 552; *U.S. v. Casas*, 376 F.3d 20 (1st Cir. 2004); *Lovell v. Alderete*, 630 F.2d 428, 434 n. 10 (5th Cir. 1980). The Court notes that Plaintiff may choose to file a motion for status if at any time he is unsure as to the status of this case.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted and/or legal frivolity.

**IT IS FURTHER ORDERED** that the **ILLINOIS DEPARTMENT OF CORRECTIONS, CENTRALIA CORRECTIONAL CENTER,** and **MARCUS RIDDICK** are **DISMISSED** with prejudice for the reasons stated above.

**IT IS FURTHER ORDERED** that **WARDEN** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a First Amended Complaint, stating any facts which may exist to support a cognizable § 1983 claim, within 28 days of the entry of this order (on or before November 22, 2017). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because the dismissal herein is for failure to state a claim upon which relief may be granted and/or legal frivolity.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-882-DRH). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's

name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This

shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

Judge Herndon
2017.10.25
12:52:24 -05'00'

**UNITED STATES DISTRICT JUDGE**