# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

D'MARCO WILBOURN,
#B-88922,

    Plaintiff,

vs.

Case No. 17–cv–882–DRH

CENTRALIA CORRECTIONAL
CENTER,
WARDEN, and
ILLINOIS DEPARTMENT OF
CORRECTIONS,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff D'Marco Wilbourn, an inmate in East Moline Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at Centralia Correctional Center ("Centralia"). In his First Amended Complaint, Plaintiff claims that he was sexually assaulted by a fellow inmate. (Doc. 11). This case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the

1

complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the First Amended Complaint and any supporting exhibits, the Court finds that the First Amended Complaint, and this action, are subject to dismissal.

## The First Amended Complaint

In his First Amended Complaint (Doc. 11), Plaintiff makes the following allegations: on March 16, 2015, Plaintiff was raped at Centralia by his cellmate Marcus Riddick. (Doc. 11, p. 5). That day, Plaintiff reported the incident to Centralia Internal Affairs, and "an investigation and rape kit was performed on [him]." *Id.* Plaintiff questions why he was "placed in a cell with a predator" with a

history of predatory behavior by Centralia officials. He also notes that officials should consider the backgrounds of inmates in order to place them with compatible cellmates to avoid such attacks. *Id.*

After he was raped and while he was waiting on the rape kit lab results, Plaintiff stayed in the Centralia Healthcare Unit for nearly a month and a half, "dealing with the anal pain of being penetrated, and the emotional[] mental state of just being sexually assaulted." *Id.* Plaintiff suffers from depression as a result of the incident. (Doc. 11, p. 7). "After nearly two years from the incident, the DNA from Riddick has come back positive." *Id.* Plaintiff seeks monetary damages from the defendants. (Doc. 11, p. 8).

## **Discussion**

The Court begins its § 1915A review with a note about the parties at issue in this case. First, Plaintiff has named "Dept. of Corrections," presumably meaning the Illinois Department of Corrections, as a defendant. He has also named Centralia Correctional Center. Both of these defendants were dismissed with prejudice in this Court's previous Order (Doc. 10) dismissing the original Complaint. For that reason, and for the reasons articulated in the previous Order, these defendants will once again be dismissed with prejudice from this action.

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these

3

counts does not constitute an opinion regarding their merit.

> **Count 1 –** Warden failed to protect Plaintiff by allowing him to be placed in a cell with a "predator" and failing to ensure he was in a safe environment, resulting in Plaintiff being raped on March 16, 2015.

As discussed in more detail below, Count 1 will be dismissed with prejudice for failure to state a claim upon which relief may be granted and/or legal frivolity. Any other intended claim that has not been recognized by the Court is considered dismissed with prejudice as inadequately pleaded under the *Twombly* pleading standard.

The Court notes that, like with his original Complaint, Plaintiff names the Warden of Centralia as a defendant in this case, but he has failed to include specific allegations against him or her in the body of his First Amended Complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001)

(citations omitted). The Warden of Centralia will therefore be dismissed. Plaintiff has also failed to allege that *any* appropriate § 1983 defendant is personally responsible for the deprivation of a constitutional right. Like with his original Complaint, this is grounds for dismissal of this action.

The failure of an amended complaint to state a colorable constitutional claim begs the question, should the plaintiff be given another opportunity to plead his case? Leave to amend need not be granted when a party has had multiple opportunities to amend but failed to cure a defective claim, *Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012), or when further amendment would be futile, *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011). "[F]utile repleadings include restating the same facts using different language, *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1983), reasserting claims previously determined, *id.*, failing to state a valid theory of liability, *Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979), and the inability to survive a motion to dismiss, *Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 1985)." *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

Plaintiff has now twice failed to state a claim based on his assertion that the attack on him by another inmate was the fault of a prison official. Plaintiff has also restated the same facts in his First Amended Complaint that he alleged in his original Complaint, with little difference. As explained above, an amended complaint that states the same facts using different language will generally be futile. *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

Further, Plaintiff noted in the First Amended Complaint that his claims are specifically based on his placement in a cell with a predator as opposed to someone with a background compatible to his. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). "A generalized risk of violence is not enough, for prisons are inherently dangerous places." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (citing *Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). Conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Plaintiff has twice failed to allege that any prison official, much less the

6

Warden of Centralia as the only eligible defendant, was aware of a substantial, specific, and impending threat to his safety from his cellmate. His allegations instead suggest that he feels that prison officials should proactively limit danger to inmates by placing them in cells with compatible inmates, and their failure to do this resulted in his being placed in a cell with a predatory inmate prior to his attack. These allegations do not give rise to a constitutional claim. While the Court is not without sympathy for Plaintiff's plight, it does not find that a state actor can be implicated for the alleged attack by Plaintiff's former cellmate. Therefore, the First Amended Complaint, along with this action, will be dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 11), and this action, are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted and/or legal frivolity. This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the **ILLINOIS DEPARTMENT OF CORRECTIONS**, **CENTRALIA CORRECTIONAL CENTER,** and **WARDEN** are **DISMISSED** with prejudice for the reasons stated above.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.02.14
09:45:50 -06'00'

**UNITED STATES DISTRICT JUDGE**